IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CARROLYN CAMPBELL; AMANDA
HODGES; CRYSTAL WALTERS; and
HEATHER CROW, all individually and
on behalf of others similarly situated                    PLAINTIFFS

v.                          No. 4:12-cv-176-DPM

RELIANCE HEALTH CARE, INC.;
NORTHWEST HEALTH & REHAB,
INC. d/b/a North Hills Life Care &
Rehab; OCNC, INC. d/b/a Silver Oaks
Heath & Rehabilitation; SCNC, INC.
d/b/a Spring Creek Health & Rehab;
and BRANDON ADAMS & BRYAN
ADAMS, both individually and in his
capacity as owner, manager, officer and/or
incorporator of Reliance Health Care,
Inc. and Northwest Health & Rehab, Inc.                   DEFENDANTS

ORDER

Plaintiffs, two licensed practical nurses and two certified nurse assistants, have sued the nursing homes they used to work for, alleging violations of the Fair Labor Standards Act and the Arkansas Minimum Wage Act. Plaintiffs have also sued Reliance, Brandon Adams, and Bryan Adams. Reliance appears to be a parent corporation involved in various individual nursing home corporations by way of Healthcare Provider Services Agreements. And the Adamses appear to be the corporate owners and

officers of Reliance and officers of the other entities. Reliance and the Adamses move to dismiss, saying Plaintiffs have no standing and no plausible claims against them.

The standing argument, made only by Reliance, fails. If what Plaintiffs allege is true — Reliance managed these facilities, including payroll — then the stool has all three legs: injury-in-fact, causation, and redressability. *Bennett v. Spear*, 520 U.S. 154, 162 (1997).

The no-plausibility argument, made by Reliance and both Adamses, fails too. Contrary to Defendants' contentions, the second amended and substituted complaint goes beyond could to did. The FLSA defines employer broadly as "any [individual or corporation] acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(a) & (d). The Arkansas law is similar. ARK. CODE ANN. § 11-4-203(4)(A). Measuring the facts alleged (including the role created by the Management Agreement) against those deemed important in the persuasive precedent from other circuits, Plaintiffs have made plausible joint-employer claims against Reliance and each Adams. *In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation*, 683 F.3d 462, 468 (3d Cir. 2012); *Bonnette v. California Health*

*and Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983). This pleading satisfies Federal Rule of Civil Procedure 8(a)(2) as interpreted in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Just because the claims against the corporate parent and the corporate owners and officers are plausible, however, does not mean they will pan out. The Court directs the parties to conduct discovery on the management and relationship issues while doing their collective-action discovery on the three nursing homes where Plaintiffs worked. The parties need to bring the Reliance and Adamses issues back to the Court for final resolution before the case gets to the conditional-certification stage and before Reliance is put to discovery about all its nursing homes.

*   *   *

Motions to dismiss, *Document Nos. 45 & 47*, denied.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

22 August 2012