IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CARROLYN CAMPBELL, CRYSTAL WALTERS,
HEATHER CROW, AMANDA HODGES,
TABITHA RILEY, AND TERESA KNIGHT, AND EBONY BRADFORD
INDIVIDUALLY & ON BEHALF OF OTHERS
SIMILARLY SITUATED,                                                        PLAINTIFFS

vs.                                    Case No. 4:12-cv-00176-DPM

RELIANCE HEALTH CARE, INC.,
NORTHWEST HEALTH AND REHAB, INC., d/b/a
NORTH HILLS LIFE CARE AND REHAB,
OCNC, INC. d/b/a SILVER OAKS HEALTH AND REHABILITATION,
SCNC, INC. d/b/a SPRING CREEK HEALTH & REHAB,
JBNC, INC. d/b/a RIDGECREST HEALTH AND REHABILITATION,
HERITAGE SQUARE NURSING AND REHABILITATION CENTER INC.,
BRANDON ADAMS, AND BRYAN M. ADAMS, individually
and in their capacity as owners, managers, officers, and/or
incorporators of the above-referenced corporate defendants          DEFENDANTS

## CONSENT PROTECTIVE ORDER GOVERNING PROTECTION AND PRODUCTION OF CONFIDENTIAL INFORMATION, DOCUMENTS, AND MATERIALS

IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure, and agreed upon by all Parties, as follows:

1.      This Consent Protective Order Governing Protection and Production of

Confidential Information, Documents, and Materials (the "Consent Protective Order") governs

the handling of confidential, non-public, or sensitive information, documents, and other materials

produced, provided, or obtained in the above-captioned lawsuit (the "Litigation").  Information,

documents, and other materials in the Litigation may include without limitation non-public

business or personal information and records of Plaintiffs, Defendants, Defendants' patients, and

Defendants current and former employees, which have been or will be provided, produced, or

obtained pursuant to interrogatories, document requests, notice(s) of deposition, deposition(s)

upon written questions, Court order or by subpoena in the above-captioned litigation. Information, documents, and other materials in the Litigation also may include "Protected Health Information" within the meaning of 45 C.F.R. § 164.501, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). This Consent Protective Order is intended to meet the requirements of a "qualified protective order" as described in 45 C.F.R. § 164.512(e)(1).

2.     Any of the Parties may designate as "Confidential" any information, documents, or other materials which they believe in good faith contain confidential, sensitive, or non-public information and which are not normally available or accessible to current or former employees of Defendants by notifying all other Parties, in writing, of the designation specific to the information, document(s), or material(s).   All documents clearly marked with the word "Confidential," and all documents, written responses to interrogatories, or questions, transcripts, or portions of transcripts otherwise clearly identified as "Confidential" by a party or its counsel in this Litigation in writing (or upon written record or transcript in an oral proceeding) from the date of that designation, even if the documents were previously produced or obtained before that date, shall be subject to this Consent Protective Order.   For purposes of this Consent Protective Order, information, documents, and other materials deemed "Confidential" as described herein are referred to as "Confidential Materials."

3.     Any of the Parties may designate as "Highly Confidential" any information, documents, or other materials which they believe in good faith contain highly sensitive, proprietary or trade secret information, by notifying the opposing party of the designation specific to the information, document(s), or material(s).

4.      For purposes of this Consent Protective Order, information, documents, and materials designated as "Confidential Materials" or "Highly Confidential" shall be limited to those containing the following:

      A. Personal data and information, in any form, regarding individual employees, or former employees, of any party or its parents, subsidiaries, affiliates, predecessors, successors, or assigns, including but not limited to personal contact information, including physical and electronic mail addresses and telephone numbers, specific compensation and benefit amounts, medical and psychological conditions, protected health information, marital status, work performance, disciplinary actions, work history, financial or medical documents, arrests or criminal convictions, credit history, tax returns, and corrective and disciplinary counseling issued to non-parties, and Social Security numbers.

      B.      Business, pricing, marketing, production, technical, operational, financial, proprietary, or other information or data, in any form, that has been created, compiled, or otherwise obtained by a party or its predecessor(s) or successor(s) or its/their employees or agents which derives economic value, actual or potential, from not being generally known to or readily ascertainable by proper means by others who can obtain economic value from its disclosure or use, and which is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

      C.      Information or data that may be deemed a trade secret under applicable law or whose unlimited disclosure is believed in good faith to pose a risk of damage to a party's competitive position in its business.

D.  Sales, marketing, financial or pricing information relating to either Defendants' business or Defendants' accounts that is not publicly available or known and that would be of benefit to a competitor of Defendants.

E.  Personal information relating to current or former customers of Defendants that is of a generally understood personal and confidential nature including names, physical and electronic mail addresses, and telephone numbers.

F.  Protected health information relating to current or former patients of Defendants.

G.  Individually identifiable information maintained by any current employer of any Plaintiff.

5.  All documents clearly marked with the words "Highly Confidential," and all documents, written responses to interrogatories or questions, transcripts, or portions of transcripts otherwise clearly identified as "Highly Confidential" by a party or its counsel in this Litigation in writing (or upon written record or transcript in an oral proceeding), from the date of that designation, even if the documents were previously produced or obtained before that date, shall be subject to this Consent Protective Order and to the same requirements as information, documents or other materials designated "Confidential."  For purposes of this Order, this information, documents, and other materials shall be referred to hereafter as "Highly Confidential Materials."

6.  Any Party that wishes to file or submit any "Confidential Materials" or "Highly Confidential" to the Court shall make every effort to redact any confidential information in the publicly filed copy of the filing. "Confidential Materials" or "Highly Confidential Materials" also subject to Fed. R. Civ. P. 5.2(a) shall be redacted in accordance with that Rule.  The Parties acknowledge and agree that filings or submissions to the Court of any "Confidential Materials"

- 4 -

or "Highly Confidential Materials" should be redacted rather than filed under seal if practicable.

7.      Any party to this Litigation that desires to use any document clearly marked with the words "Confidential", "Highly Confidential," or any document, written response to an interrogatory or any question, transcript, or portion of a transcript otherwise clearly identified as "Confidential" or "Highly Confidential," in conjunction with any filing with the Court, or to otherwise place Confidential or Highly Confidential materials in the public record, must file these materials under seal only if redaction is not practicable.

8.      Confidential Materials and Highly Confidential Materials shall be used and disclosed solely for legitimate purposes of this Litigation, including, among other things, use in conjunction with testimony and as exhibits at trial, in conjunction with motions, hearings, depositions, or witness preparation, and preparation for trial or any motion, hearing, deposition, or other proceeding connected with this Litigation, subject to the restrictions of this Order. Confidential Materials and Highly Confidential Materials shall not be used or disclosed in any proceedings other than this Litigation or to further or disrupt the personal or business interests of any person (other than the preparation and prosecution of claims and defenses in this Litigation). Under no circumstance will any party or the representative(s) of any party to this Litigation provide or disclose any Confidential Materials or Highly Confidential Materials that have been provided, produced, or obtained during this Litigation by another party to the press or media, to other current or former employees or applicants of Defendants, or to any other individual or employer, except as otherwise expressly allowed under the terms of this Order. Use or disclosure of Confidential Materials or Highly Confidential Materials beyond the restrictions of this Order, whether during this Litigation or after its conclusion, may occur only with the express written consent of the party or of its counsel of record in this Litigation who designated the

materials as "Confidential" or "Highly Confidential" (EXCEPT that, to the extent any Confidential Materials or Highly Confidential Materials constitute Protected Health Information, use or disclosure of Protected Health Information beyond the restrictions of this Order may occur only with the express authorization of the individual about whom this information pertains to the extent required by law), or as otherwise required by law or by order of any court of competent jurisdiction. The Parties voluntarily agree to comply with the terms of this Order immediately upon its execution by all Parties hereto, and to comply with its terms as entered or modified by the Court.

9.     Confidential Materials and Highly Confidential Materials may be published, circulated, disclosed, delivered, or made available to a "Qualified Person" as defined in Paragraph 10 of this Order and to no one else, except as specifically provided herein.  In the event a party or that party's counsel of record deem(s) it necessary to disclose any documents or other materials designated as "Confidential" to a person who is not a Qualified Person as defined in Paragraph 10, the party or counsel must have a good faith belief that disclosure is reasonably necessary for legitimate purposes in this Litigation and, before disclosing the materials, must first require the person to read this Order and agree, by executing an agreement in the form of "Exhibit A" attached hereto, as follows:  (a) to be bound by the terms of this Order; (b) not to disclose, deliver, or make available Confidential Materials to anyone other than a Qualified Person; and (c) to use any Confidential Materials solely for legitimate purposes of this Litigation. The executed agreements shall be retained by the party or attorney who discloses, delivers, or makes available the Confidential Materials to the person for a period of six (6) months after the "Conclusion" of this Litigation (which means after final order of the Court and after all appeal rights have expired) but shall not be discoverable in this action unless there is a good faith claim

that this Order has been violated or as otherwise ordered by the Court. Documents and materials designated as "Highly Confidential" shall not be published, circulated, disclosed, delivered, or made available to anyone who is not a Qualified Person.

     10.    "Qualified Person(s)" as used in this Order means:

     A.    Parties and their designated representatives and attorneys of record in this Litigation, other attorneys employed by or consulting with the attorneys of record for purposes of this Litigation, and other employees or consultants of those attorneys to whom it is reasonably necessary that Confidential Materials or Highly Confidential Materials be shown for purposes of this Litigation;

     B.    Experts retained or utilized by the Parties or their attorneys of record in this Litigation for the purpose of assisting in preparation for trial or other proceedings in this Litigation, including physicians, psychiatrists, psychologists, physical or mental health consultants, statisticians, economists, or other experts, including staff and support personnel to whom it is necessary that Confidential Materials or Highly Confidential Materials be shown for purposes of assisting in trial or other proceedings in this Litigation;

     C.    Custodians or authors of the Confidential Materials and Highly Confidential Materials to whom it is reasonably necessary that the Confidential Materials or Highly Confidential Materials be shown for purposes of assisting in preparation for trial or other proceedings in this Litigation, provided that the custodians or authors of the Confidential Materials and Highly Confidential Materials shall not be deemed "Qualified Persons" with respect to other Confidential Materials or Highly Confidential Materials of which the person was not an author or custodian;

D.     Putative class members;

E.     Any person who is testifying in a deposition, hearing, trial or other proceeding in this Litigation and any court reporter or videographer recording testimony in the presence of counsel for the parties, provided that counsel disclosing the Confidential Materials or Highly Confidential Materials has a good faith basis for believing the documents are relevant to the person's testimony or knowledge, and provided that the person shall not be deemed a "Qualified Person" with respect to other Confidential Materials or Highly Confidential Materials which are not relevant to the person's testimony or knowledge;

F.     The Court and its officers, witnesses (including deponents), court reporters, stenographers, videographers, court personnel, jurors and alternate jurors, if any; and

G.     Any other person who is designated as a Qualified Person by agreement of the Parties or by order of the Court, subject to the specific terms of the designation.

11.     Nothing contained in this Order shall prohibit use of Confidential Materials or Highly Confidential Materials at trial of this action or at any hearing or deposition related to this Litigation, except that the Parties reserve the right to object to the production, use, or admission into evidence of any information, documents, or materials in this Litigation for any reason grounded upon the Federal Rules of Civil Procedure or the Federal Rules of Evidence. Further, the Parties reserve the right to petition the Court to seal records of the Litigation containing Confidential Materials, and reserve the right to seek additional protective order(s) if the need arises.

12.    In the event any party to this Litigation disagrees with the designation of any information, documents, or materials as "Confidential" or "Highly Confidential," or the restriction of the use or disclosure of information, documents, or materials in this Litigation pursuant to this Order, that party must in good faith attempt to resolve the disagreement on an informal basis.  If the Parties are unable to resolve the disagreement informally after attempting in good faith to do so, the party challenging the "Confidential" or "Highly Confidential" designation who seeks to except the materials from the terms, conditions, and restrictions of this Order may apply for appropriate relief from the Court.  The burden shall be on the party challenging the "Confidential" or "Highly Confidential" designation to demonstrate that the restrictions of this Order should not apply to the materials. The Court may resolve the dispute upon _in camera_ inspection of the materials designated "Confidential" or "Highly Confidential" and may determine upon good cause shown whether the restrictions of this Order should not apply to the materials. To the extent a dispute under this paragraph results in substantial delay in the discovery process, the non-prevailing party in the dispute will not object to the continuance of discovery with respect to the information, documents, or materials in question beyond the expiration of the discovery period.

13.    Pursuant to FRE 502 (d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected documents and electronically stored information against claims of waiver (including as against third parties and in other federal and state proceedings) in the event they are produced during the course of this litigation, whether pursuant to a Court Order, a parties' discovery request or informal production, as follows:

> A. the production of documents, data or information (including, without limitation, metadata) by a party subject to a legally recognized claim of privilege, including

without limitation the attorney-client privilege and work product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of the document, data or information;

B. the inadvertent production of documents, data, or information (including, without limitation, metadata) by a Producing Party, shall not result in the waiver of any privilege or protection associated with the document, data or information as to the Receiving Party, or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind;

C. if any document, data or information (including, without limitation, metadata) produced by a party is on its face clearly subject to a legally recognizable privilege, immunity, or other right not to produce the information, the Receiving Party will notify the Producing Party in writing that it has discovered documents, data or information believed to be privileged, immune or otherwise not subject to production, identify the documents, data or information by bates number range or hash value range, and return, sequester, or destroy all copies of the documents, data or information, along with any notes, abstracts or  compilations of the content thereof, within ten (10) business days of discovery by the Receiving Party;

D. if the Producing Party intends to assert a claim of privilege or other protection over documents, data or information identified by the Receiving Party, the Producing Party will, within ten (10) business days of receiving the Producing Party's written notification, inform the Receiving Party of that intention in writing and shall provide the Receiving Party with a log for the document, data or

information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event, if any portion of the document, data or information does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document, data or information that omits the information that the Producing Party believes is subject to a claim of privilege, immunity or other protection;

E. if, during the course of this litigation, a party determines it has produced a document, data or information (including, without limitation, metadata) protected from discovery by a legally recognized claim of privilege, immunity, or other right not to produce the information, the Producing Party may notify the Receiving Party of that inadvertent production in writing. The Producing Party's written notice will identify the document, data or information inadvertently produced by Bates number range or hash value range, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for that document, data or information that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege, immunity or basis for non-disclosure, and in the event any portion of the document, data or information does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document, data or information that omits the information that the Producing Party believes is subject to a claim of privilege, immunity or other protection.  It will also demand the return of the inadvertently

produced documents, data or information. After receiving written notification, the Receiving Party must, within ten (10) business days of receiving the written notification, return, sequester, or destroy the specified document, data or information and any copies, along with any notes, abstracts or  compilations of the content thereof; and

F.  a Receiving Party's return, sequestering or destruction of privileged or otherwise protected documents, data or information as provided in the subparagraphs above will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered or destroyed documents, data or information on grounds the documents, data or information are not in fact subject to a viable claim of privilege or other protection. However, the Receiving Party is prohibited and estopped from arguing that the Producing    Party's production of the documents, data or information in this matter acts as a waiver of applicable privileges or protections, that the disclosure of documents, data or information by the Producing Party was not inadvertent, that the Producing Party did not take reasonable steps to prevent the disclosure of privileged or otherwise protected documents, data or information, or that the Producing Party did not take reasonable steps to rectify the disclosure.

14.    This Order shall not operate as a waiver by any party to this Litigation of any objection to producing or providing any documents, information, or other materials, nor shall it operate as a waiver by any party of any objection to entry of any document or other material into evidence at trial or in any other proceedings in this Litigation on grounds other than those

addressed in this Order. This Order also does not constitute a waiver of any argument regarding the timeliness of objections or production of documents.

15.     After the Conclusion of this Litigation, any Confidential Materials or Highly Confidential Materials that also constitute "Protected Health Information" within the meaning of 45 C.F.R. § 164.501, shall be returned to the disclosing individual or entity, or shall be destroyed upon the expiration of sixty (60) calendar days of the Conclusion of the Litigation, except that a party to this Litigation and Consent Protective Order may waive this requirement with regard to Protected Health Information directly concerning that party by failing to request return or destruction within sixty (60) calendar days after the conclusion of the litigation.  Otherwise, all Confidential Materials and Highly Confidential Materials shall be kept in the possessing party's secure files after the Conclusion of this Litigation in accordance with the provisions herein or shall be returned to the party who produced them in discovery, or shall be destroyed, upon that party's request by arrangement of that party and at that party's expense within six (6) months after the Conclusion of this Litigation.  However, failure to request return or destruction does not alter the terms of this Order or the obligation of any party to maintain the confidentiality of the information contained in Confidential Materials or Highly Confidential Materials.

SO ORDERED this 25th day of March , 2013.

District Judge, Eastern District of Arkansas

- 13 -

CONSENTED TO:

/s/ *Maryna O. Jackson*

John T. Holleman
jholleman@johnholleman.net
Maryna O. Jackson
maryna@johnholleman.net
Holleman & Associates, P.A.
1008 West Second Street
Little Rock, AR 72201
Telephone:     501.975.5040
Facsimile:     501.975.5043

William Ryan
billy@donatilawfirm.com
Bryce William Ashby
bryce@donatilawfirm.com
Donati Law Firm, LLP
1545 Union Avenue
Memphis, TN 38104-3726
Telephone:     901.278.1004
Facsimile:     901.278.3111

**Attorneys for Plaintiffs**

/s/ *Angelo Spinola*

Eva C. Madison
Arkansas Bar No. 98183
**LITTLER MENDELSON, P.C.**
The Fulbright Building
217 E. Dickson Street
Suite 204
Fayetteville, AR  72701
Telephone:     479.582.6100
Facsimile:     479.582.6111
Email:  emadison@littler.com

Angelo Spinola
Georgia Bar No.  672191
(Admitted *Pro Hac Vice*)
Anne M. Mellen
Georgia Bar No.  558694
(Admitted *Pro Hac Vice*)
**LITTLER MENDELSON, P.C.**
3344 Peachtree Road N.E.
Suite 1500
Atlanta, Georgia 30326
Telephone:     404. 233.0330
Facsimile:     404. 233.2361
Email:  aspinola@littler.com
Email:  amellen@littler.com

Rebecca Adelman
(Arkansas Bar No. 92012)
radelman@hatlawfirm.com
**HAGWOOD ADELMAN TIPTON, PC**
545 South Main St., Suite 111
Memphis, TN 38103
Telephone:     901.529.9313
Facsimile:     901.529.8772

**Attorneys for Defendants**

**Exhibit A**

## AGREEMENT CONCERNING CONFIDENTIAL MATERIALS

Having read the CONSENT PROTECTIVE ORDER GOVERNING PROTECTION AND PRODUCTION OF CONFIDENTIAL INFORMATION, DOCUMENTS, AND MATERIALS ("PROTECTIVE ORDER") in the above-captioned action, the undersigned hereby acknowledges and agrees that he or she understands its terms and restrictions and agrees to be bound thereby. The undersigned further agrees not to reveal information designated as "Confidential" or "Highly Confidential" to anyone other than a Qualified Person as defined in the PROTECTIVE ORDER and agrees to use information designated as "Confidential" solely for the purposes of this Litigation.

_____          _____
Signature                                Date