## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

CARROLYN CAMPBELL; AMANDA HODGES;
CRYSTAL WALTERS; HEATHER CROW;
TABITHA RILEY; TERESA KNIGHT all individually
and on behalf of others similarly situated                    PLAINTIFFS

v.                          No. 4:12-cv-176-DPM

RELIANCE HEALTH CARE INC.;
NORTHWEST HEALTH AND REHAB INC.
d/b/a North Hills Life Care & Rehab;
BRANDON ADAMS individually and in his
capacity as owner, manager, officer and/or
incorporator of Reliance Health Care Inc.
and Northwest Health and Rehab Inc.; BRYAN
ADAMS individually and in his
capacity as owner, manager, officer and/or
incorporator of Reliance Health Care Inc.
and Northwest Health and Rehab Inc.;
SCNC INC. d/b/a Ridgecrest Health and
Rehabilitation                                                DEFENDANTS

### ORDER

1.   The Court notes and appreciates the joint report on the parties'
dispute about discovery seeking contact information for potential members
of the collective action. № 129.  The Court regrets its delay in tending to this
dispute.  Defendants' objection to this discovery is sustained.  Plaintiffs are
trying to steal a march on an issue reserved for after conditional certification,

if that step occurs.  Under the discovery plan ordered by the Court, current discovery should be directed to the plaintiffs' individual claims, the "similarly situated" issue, and the "joint employer" issue.  The contact information about all employees can wait.

**2.** The motion to amend and assert class claims for promissory estoppel and unjust enrichment is denied.  FED. R. CIV. P. 15(a)(2).  The Court doubts the existence of quasi-contract claims for straight time here, given that this case is premised on the existence of an enforceable employment contract that covers the wage issue.  *See, e.g., Campbell v. Asbury Automotive, Inc.*, 2011 Ark. 157, 20-22, 381 S.W.3d. 21, 35-36 (discussing the general rule and exceptions); *QHC of Springdale, Inc. v. Archer*, 2009 Ark. App. 692, at 13-14, 373 S.W.3d 318, 326 (same).  But to the extent these claims do exist, they are inherently individualized.  Detrimental reliance, misrepresentations, and equities will vary employee by employee.  RESTATEMENT (THIRD) OF UNJUST ENRICHMENT AND RESTITUTION § 1 (2010).   The variation across individuals undermines both commonality and superiority, making a Rule 23(b)(3) class an unsuitable vehicle.  *Johnson v. Ark. Convalescent Centers, Inc.*, 5:12-cv-143-DPM, № *55 at 5-7* (25 July 2013); *Butcher v. Delta Memorial Hospital*, 5:12-cv-241-SWW, № *47*

(17 April 2013).  The proposed class claims are therefore futile.  *Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999).

Even if the Court is mistaken about futility, the proposed amendment would unduly delay the case.  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).  The proposed amendment came two months before the Court's deadline for seeking pleading amendments.  *№ 120 at 1.*  It is timely in that sense.  Plaintiffs, though, have already amended their complaint four times.  The straight-time issues are basic; they could, and should, have been brought forward sooner in one of those amendments.

Discovery has been contentious.  The Court had to stay all discovery earlier this year for an in-person hearing about written discovery and a deposition schedule—which the Court had to impose in the face of the parties' disagreements.  There have been several mid-deposition telephone hearings.  Defendants are correct: discovery about the quasi-contract issues would involve more than just some clean-up interrogatories and requests for production.  Defendants want to reopen the depositions of the five remaining plaintiffs to explore detrimental reliance, misrepresentations, and the like.  This is reasonable. But it cannot be accomplished by the end of this month,

-3-

which is the discovery deadline for first-round issues. *№ 120 at 1.* Delaying the case to do that discovery, and resolve any disputes that would come with it, is not the best way to move this case fairly and efficiently toward resolution for all parties.

Motion to amend, *№ 125,* denied.

**3.** Knight's recent motion for voluntary non-suit, *№ 135,* is granted. All her claims against all the Defendants are dismissed with prejudice, as she requests.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

*26 July 2013*