IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CARROLYN CAMPBELL; AMANDA
HODGES; CRYSTAL WALTERS; and
HEATHER CROW, all individually and
on behalf of others similarly situated                    PLAINTIFFS

v.                      No. 4:12-cv-176-DPM

NORTHWEST HEALTH & REHAB,
INC. d/b/a North Hills Life Care &
Rehab; OCNC, INC. d/b/a Silver Oaks
Heath & Rehabilitation; SCNC, INC.
d/b/a Spring Creek Health & Rehab;
and JBNC, INC., d/b/a Ridgcrest Health
and Rehabilitation                                        DEFENDANTS

## ORDER

1. Several motions need deciding in this case about alleged unpaid overtime at some long-term-care facilities. The deep issue is the shape of case going forward. The five remaining Plaintiffs seek conditional certification of a collective action with five subclasses, one for each nursing home. Defendants oppose certification, alternatively requesting severance. Defendants seek summary judgment on Plaintiff Crow's claims. Defendants also seek a partial dismissal, arguing mootness based on unaccepted offers of judgment to Plaintiffs Hodges, Walters, and Riley. Taking these issues in reverse order seems most sensible.

**2.** The motion to dismiss is granted. While *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525 (8th Cir. 1996) and *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935 (8th Cir. 2012) are helpful, neither is directly in point. The Court of Appeals for the Eighth Circuit has not decided the intertwined mootness/Rule 68/FLSA issue presented. The Court appreciates Plaintiffs providing a copy of Brother Holmes's opinion in *Hendricks v. Inergy*, 2013 WL 6984634 (E.D. Ark. 2013), which faced nearly identical circumstances. I'm persuaded by his careful analysis and therefore adopt it. The issue is not the letter of Federal Rule of Civil Procedure 68; it is whether any controversy in the constitutional sense remains between Defendants and Hodges, Walters, and Riley. None does. The unaccepted settlement offers, № *166-3*, № *166-7*, & № *166-11*, would make them completely whole: no dispute exists about their damage numbers; and they're to receive costs and a reasonable attorney's fee, in an amount to be fixed by the Court.

One other circumstance bears mention: all Plaintiffs, including these three, moved for conditional certification at the end of July 2013. The offers to Hodges and Walters were made about a week before that, while the offer to Riley was made two days later. № *166-4*, № *166-8*, & № *166-12*. Everything

happened contemporaneously. While the cases about picking off Rule 23 class representatives emphasize that the offers came after denial of certification, the timing does not make a legal difference here. *See, e.g., Alpern*, 84 F.3d at 1539. The Supreme Court made clear in *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) that FLSA collective actions and Rule 23 class actions are different. Hodges, Walters, and Riley have no unsettled interest in the proposed collective action because of its nature—most importantly, any judgment will have no preclusive effect on any similar claim later pursued by a fellow employee.

In the circumstances, the Court lacks subject matter jurisdiction to proceed further on these three Plaintiffs' FLSA claims, other than to resolve any fee/cost issue that cannot be resolved by agreement and enter judgment. The judgment will award these damages:

- $810.60 to Amanda Hodges against SCNC, Inc., d/b/a Spring Creek Health & Rehab;

- $912.00 to Crystal Walters against OCNC, Inc., d/b/a Silver Oaks Health & Rehab; and

- $3,108.76 to Tabitha Riley against JBNC, Inc., d/b/a Ridgecrest Health & Rehab

These Plaintiffs' claims under the Arkansas Minimum Wage Act are co-extensive with their FLSA claims. These state-law claims will therefore be resolved by the judgment too.

**3.** Defendants' motion for summary judgment on Plaintiff Crow's claims is granted in part and denied in part. Many facts are agreed. The Court takes those that are genuinely disputed in Crow's favor. And the Court gives her the benefit of all reasonable inferences. № 177; *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

Crow's claim has boiled down to alleged overtime in a few weeks of her employment. The dollars supposedly lost are few, but that fact doesn't answer whether a reasonable fact-finder could decide for Crow. Crow has, the Court concludes, said enough in her deposition to support a finding of some earned but unpaid overtime. The meal deduction was automatic; there was lots of work to do; the reclamation form was available, and Crow used it many times; one of Crow's supervisors discouraged reclaiming time, while insisting that Crow had to get all the work done *and* take meal breaks; a few times Crow worked through a meal break without getting paid for what would have been overtime. Whether Crow is telling the truth is for the fact-

finder. The Court is not persuaded by Defendants' no-notice arguments. The jury could view the time sheet certification either as the deception Defendants claim it is or as something Crow felt compelled to do in the circumstances. There is much to be said for Defendants' view of the proof about alleged wilfulness; but given that a supervisor at the second Spring Creek supposedly put Crow in this bind, the jury could find a willful violation. Crow has effectively abandoned her record-keeping claim. Defendants are correct that no private right of action for this alleged conduct exists. *Helmert v. Butterball, LLC*, 805 F. Supp. 2d 655, 668, n.15 (E.D. Ark. 2011).

**4.** The motion for conditional certification is granted in part and denied in part. First, with Reliance and the Adamses having been dismissed, no joint-employer issue remains. Second, the potential claims about Silver Oaks and Ridgecrest facilities have been mooted by the Court's decision on Walters and Riley. The case comes down, then, to Campbell/North Hills and Crow/Spring Creek.

Much, though not all, discovery has been done. All Plaintiffs, most former Plaintiffs and opt-ins, seven defense witnesses, and one former employee have been deposed. The parties have engaged in extensive written

discovery: sixteen sets from Defendants, and seven sets from Plaintiffs. Defendants have produced more than 14,000 pages of documents. There are many employee declarations submitted by Defendants. *№ 164 at 56* (summarizing discovery done). The Court's Scheduling Order anticipated more discovery if a collective action was conditionally certified. *№ 120 at 2.* And based on earlier motions and proceedings, a substantial percentage of all this discovery was likely on the Reliance and Adamses issues—corporate relationships, management practices, and roles.

In the circumstances, it is fair and appropriate to look harder than usual at the similarly situated question. This case stands much as *Bouaphakeo v. Tyson Foods, Inc.* did, and I agree with Judge Bennett's common sense approach on scrutiny: the Court's rulings on certification are tentative, but made after considering the whole (albeit incomplete) record. 564 F. Supp. 2d 870, 894-5 (N.D. Iowa 2008). The case is not ready for trial, so the Court cannot make ultimate findings. *Compare Morales v. Farmland Foods, Inc.*, 2012 WL 202237, *5 (D. Neb. 2012). The Court has considered all the usual circumstances in evaluating similarity. *See, e.g., Smith v. Frac Tech Servs., Ltd.*, 2009 WL 4251017 (E.D. Ark. 2009).

Plaintiffs' theory of a common policy or practice is this: meal time was deducted automatically; pressing tasks often required working through meals; employees could reclaim this time, and sometimes did, but were discouraged by some supervisory personnel from doing so. Thus, as Plaintiffs' say, the case is about how an otherwise acceptable policy was applied. As Defendants emphasize, however, the as-applied nature of the allegedly common policy opens a host of difficulties because of the many departments and supervisors and jobs at North Hills and Spring Creek.

The short answer is that Campbell and Crow have made a sufficient showing for conditional certification of a collective action about their jobs at these two facilities during relevant periods when there was an automatic mealtime deduction, but no more. Campbell worked as an LPN and then in the records department; Crow was a CNA. There need to be two subclasses because of the conflict problem Defendants identify about LPN's supervising CNAs. The Court declines to conditionally certify across all non-exempt hourly workers at each facility. As Defendants argue in great detail, № 164 *passim*, many differences exist across the many departments at North Hills and Spring Creek. (This problem would only be amplified if one were to look

across all four facilities.) There is, most importantly, the supervisor point. The time records indicate that there was much reclaiming of time. It appears that the meal-time problem, to the extent one existed, was with particular supervisors and particular periods when too much work and too few staff combined. The as-applied nature of Plaintiffs' theory makes the varying supervisors and circumstances necessarily critical in evaluating what employees were similarly situated. Though the case has been pending for almost two years, there has been no rush of opt-ins from employees holding other jobs in other departments. In sum, there might well have been a problem from time to time in the jobs where Campbell and Crow worked, but the record discloses no real likelihood that the problem extended facility-wide to all hourly employees.

The Court directs the parties to confer about notice. Please start with the version approved in *Johnson v. Arkansas Convalescent Centers. Inc.*, No. 5:12-cv-143-DPM, № 56-1, which updated the *Roco* notice. Prepare one notice for the Campbell subclass and one for the Crow subclass. The Court agrees with Defendants that the notice should make plain that this case is only about

meal-break claims. The Court also agrees with Defendants' proposed look-back period. № *164 at 86*.

**5.** Defendants' motion to sever is denied. While severance would work, further discovery and motion practice is best handled together. Counsel are the same; the issues are similar; the two employers are corporate siblings; and we've already come a long way in one case. If the claims are tried, we'll have two bench trials: one about North Hills and the second about Spring Creek. This separation will avoid confusing the issues and unfair prejudice. It will also focus the proof on each individual, supervisors, department, and facility. FED. R. CIV. P. 42(b).

\*   \*   \*

Motion to dismiss, № *165*, granted as modified: Judgment will be entered for Hodges, Walters, and Riley. Stipulation on the related reasonable attorney's fee and costs, or a motion for them, due by 14 March 2014. (The Court encourages the parties to work hard to sort this out themselves. If you need more time to do so, ask for it.) Motion for summary judgment on Crow's claims, № *158*, granted in part and denied in part. Motion for conditional certification, № *140*, granted in part and denied in part. Joint

report and proposed notice due by 28 February 2014. Usable electronic lists due to Plaintiffs' counsel by 7 March 2014. No partial Social Security numbers, employee ID numbers, or telephone numbers need to be provided. No posting or paycheck notice required. The opt-in period will close 16 May 2014. Motion to sever, № 183, denied, but the Court will hold two trials. An Amended Final Scheduling Order will issue.

    So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

13 February 2014