# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

CARROLYN CAMPBELL; AMANDA
HODGES; CRYSTAL WALTERS;
HEATHER CROW; and TABITHA RILEY,
all individually and on behalf of others
similarly situated                                              **PLAINTIFFS**


v.                              No. 4:12-cv-176-DPM


NORTHWEST HEALTH & REHAB,
INC. d/b/a North Hills Life Care &
Rehab; OCNC, INC. d/b/a Silver Oaks
Heath & Rehabilitation; SCNC, INC.
d/b/a Spring Creek Health & Rehab;
and JBNC, INC., d/b/a Ridgecrest Health
and Rehabilitation                                             **DEFENDANTS**


## ORDER

The parties agree that Hodges, Walters, Riley, and Crow are entitled to

an award of attorney's fees and costs. They disagree on how much. Plaintiffs

ask for a total of $357,046.20. *№ 203 & 210.* Defendants say the fees should

start at $77,122.50, and then be significantly reduced for various reasons. *№*

*208 at 74–75, 80.* The gap between the parties' numbers illustrates the

contentiousness that's marked this case from the beginning.

There's no dispute on the governing law. *№ 204 at 14 & № 208 at 37–39.* The Court must determine the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court rejects Plaintiffs' request to consider Defendants' billing records as a necessary or helpful comparison; the law is against this. *Burks v. Siemens Energy & Automation, Inc.*, 215 F.3d 880, 884 (8th Cir. 2000). Considering all the material circumstances and factors, the Court awards $109,089.70 in fees and $5700.50 in costs. Here's how the Court arrived at its conclusion.

**1. Costs.** Hodges, Walters, Crow, and Riley prevailed. Under Rule of Civil Procedure 54(d)(1), they're entitled to recover certain costs incurred as specified by 28 U.S.C. § 1920. The $350.00 filing fee is agreed and allowed. 28 U.S.C. § 1920(1). All service fees are disallowed because Plaintiffs haven't shown payment to the U.S. Marshal. The statute allows reimbursement only for service by the Marshal. 28 U.S.C. § 1920(1); *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985).

The Court allows $ 3,262.50 for deposition-related expenses. 28 U.S.C. § 1920(2). This excludes the Adamses' depositions; Defendants are correct

-2-

that the parties stipulated on the Adamses' dismissal that each would "bear their own costs." № 151 at 1; Weitz Co. v. MH Washington, 631 F.3d 510, 535-36 (8th Cir. 2011). The Pumphrey and Burilson witness fees are allowed. 28 U.S.C. § 1920(3). Mileage to meet Crow, PACER fees, and postage aren't within the statute and are disallowed. Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). The Court allows $2,000.00 for copies. 28 U.S.C. § 1920(4). This case involved mounds of paper, but only $.10 a page is reasonable.

**2. Attorney's Fees**. A few preliminaries.

The Court declines Defendants' request to limit Plaintiffs' fees to the period before initial disclosure were due. № 208 at 16-27. Plaintiffs should have estimated damages sooner, and it's troubling they didn't. But they needed their own memories and the payroll records, which they received only later. Good faith estimates in the initial disclosures would have been very helpful; but both sides share some responsibility here.

The Court rejects Defendants' argument to limit Plaintiffs' fees to the period before the Defendants served the offers of judgment. № 208 at 71-75. First, in general, fees incurred in litigating the reasonable fee are recoverable.

*Jones v. MacMillian Bloedel Containers, Inc.,* 685 F.2d 236, 239 (8th Cir. 1982). Some of the post-offer time in this case was spent on fees. Second, the animating circumstance here is that Plaintiffs didn't accept the offers. *Compare, e.g., Beauford v. ACTIONLINK, LLC,* 2014 WL 183904 *at* \*2 (E.D. Ark. 15 Jan 2014). As the Court noted before, the end of the dispute about Hodges, Walters, Riley, and Crow was more about mootness than the letter of Rule 68. *№ 187 at 2–3; № 195.* These offers only covered reasonable fees and costs "accrued through" the offers' respective dates. *№ 166-3, № 166-7, № 166-11, & № 193-1.* But that limiting term, the Court concludes, does not bind Plaintiffs in the circumstances. The lack of consent makes this case more like *Haworth v. State of Nevada,* 56 F.3d 1048, 1051–52 (9th Cir. 1995) and *Dalal v. Alliant Techsystems, Inc.,* 182 F.3d 757, 760–62 (10th Cir. 1999): when an offer is not accepted, the Court should consider the fees that were part of the offer, and those incurred post-offer, in deciding the reasonable fee overall. The offered fees aren't a hard ceiling. My Brother Holmes hinted in this direction in *Hendricks v. Inergy, L.P.,* when he reserved any ruling on whether the unaccepted offers that had mooted the case also fixed the fees. 2013 WL 6984634 *at* \*5 n.4 (E.D. Ark. 18 July 2013).

-4-

Third, some of the post-offer fees incurred are about Campbell, which are excluded for another reason, and some are about Crow — before she got her belated offer, which are properly included in any event. The Court will consider the line between pre-offer fees and post-offer fees in fixing the reasonable fee. But these unaccepted offers didn't stop the clock.

The Court agrees that Defendants' proposed hourly rates are too high. Based on the Court's experience, and awards in other FLSA cases in this District, *see, e.g., Beauford,* 2014 WL 183904 *at* \*7, and *Maclin v. Montgomery & Sons Construction, Inc.,* № 4:12-cv-5-DPM (E.D. Ark. 30 May 2013), the Court sets these reasonable rates:

- $275/hr for Holleman and Ryan
- $200/hr for Schubert, Jackson, Steadman, and Ashby
- $175/hr for Rauls, Breech, and Crandall
- $100/hr for Rausch, Simmancher, and Sanders

Applying these rates to the time billed reduces the total fees claimed (including time spent on the reply) to $266,072.50. That's the lodestar amount. For various reasons, this amount must be significantly reduced.

-5-

*First*, all work associated with Carolyn Campbell, Ebony Bradford, Teresa Knight, Dominique Plummer, Tiffany Stills, the Adamses, and Reliance is excluded. Claims by, against, or involving these parties were either unsuccessful or unrelated to the recovering Plaintiffs. Because about 14% of Plaintiffs' proposed hours were spent on these parties, the Court makes a 14% reduction.

*Second*, the Court makes a 25% reduction for hours that were "excessive, redundant, or otherwise unnecessary[.]" *Hensley*, 461 U.S. at 434. This includes time spent doing things that could have been done by support staff. № 203-2 at 34–35, 40; *Granville House, Inc. v. Dep't of Health, Educ. & Welfare*, 813 F.2d 881, 884 (8th Cir. 1987). This also includes time spent correcting errors, such as filing of the wrong first amended complaint. Finally, some of the time spent doing routine tasks was excessive. It shouldn't take 6.90 hours to send emails about scheduling and a joint discovery report. № 203-2 at 25. Nor should it take 37.30 hours to review Defendants' response and prepare a reply brief on fees. № 210 at 13. The photograph of a desk awash in paper was a nice touch, but a bit too much time was spent on this short brief.

*Third*, a further lack-of-success reduction is warranted. Both sides claim victory. Neither is exactly right. There needs to be a 20% reduction for needless contention and lack of success on several issues. *Hensley*, 461 U.S. at 436. There were too many discovery disputes and conferences, most of them unfruitful. № 118, 133, & 146. Both sides bear some responsibility for this, but the Court has made some reduction here for Plaintiffs' share. Plaintiffs spent time pursuing claims that were ultimately unsuccessful: Plummer, Bradford, and Knight dropped out; Plaintiffs eventually decided not to pursue claims against the Adamses and Reliance; and the Court rejected Plaintiffs' attempt to add promissory estoppel and unjust enrichment claims. № 123, 128, 138, 152, 157. Finally, Hodges, Walters, Riley, and Crow never accepted Defendants' offers of judgment. Plaintiffs continued to litigate and accumulate fees until the Court called a halt. № 187 & 195.

In sum, a substantial fee is reasonable but the amount sought is just too much considering all the material circumstances. The Court reduces the lodestar by 59% and awards Plaintiffs a reasonable attorney's fee of $109,089.70.

-7-

\*     \*     \*

Motion for fees and costs, № 203, as supplemented, № 210, granted in

part and denied in part.  The Court awards:

Costs             $    5,700.50
Attorney's Fees   $ 109,089.70

Total             $ 114,790.20

So Ordered.

*D.P. Marshall Jr.*

D.P. Marshall Jr.
United States District Judge

*11 August 2014*

-8-